J-S96010-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MAURICE A. DAVIS, JR., | |
| Appellant | No. 21 WDA 2016 |

Appeal from the Judgment of Sentence Entered November 9, 2015
In the Court of Common Pleas of Cambria County
Criminal Division at No(s): CP-11-CR-0000582-2014

BEFORE:  BENDER, P.J.E., BOWES, J., and SOLANO, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED JANUARY 23, 2017**

Appellant, Maurice A. Davis, Jr., appeals from the judgment of sentence of an aggregate term of 225 to 450 months' incarceration, imposed after he was convicted of three counts of aggravated assault and one count of endangering the welfare of a child.  On appeal, Appellant solely contends that his sentence was excessive because the trial court applied an incorrect offense gravity score (OGS) for two of the aggravated assault offenses for which he was convicted.  After careful review, we affirm.

The trial court set forth the pertinent facts and procedural history of Appellant's case, as follows:

> This case arises from an incident occurring between January 22, 2014 and January 24, 2014, where M.H., a female juvenile born [in] August [of] 2012, sustained a serious brain injury and broken right clavicle while in [Appellant's] care. [Appellant] claimed M.H. fell down the stairs.  [Appellant] was charged with Aggravated Assault[1] (Counts 1 and 2), Endangering

the Welfare of Children[2] (Count 3), and Simple Assault[3] (Counts 4 and 5).

[1] 18 P[a]. C.S.A. § 2702(a)(1) (Felony 1st Degree).
[2] 18 P[a]. C.S.A. § 4304(a)(1) (Misdemeanor 1st Degree).
[3] 18 P[a]. C.S.A. § 2701(a)(1) (Misdemeanor 2nd Degree).

On September 28, 2015, the Commonwealth filed a Motion to Amend Criminal Information, which the trial court granted following oral argument. The Amended Information included two counts of Aggravated Assault - Victim less than 13 and Defendant being … 18 [or older][4] (Counts 1 and 2), one count of Aggravated Assault - Victim less than 6 and Defendant being 18 or Older[5] (Count 3), and Endangering the Welfare of Children (Count 4).[6]

[4] 18 P[a]. C.S.A. § 2702(a)(9) (Felony 1st Degree).
[5] 18 P[a]. C.S.A. § 2702(a)(8) (Felony 2nd Degree).
[6] 18 P[a]. C.S.A. § 4304(a)(1) (Misdemeanor 1st Degree).

On October 6, 2015, a jury found [Appellant] guilty on all counts. On November 3, 2015, the trial court sentenced [Appellant] on Count 1 to 114 … to 228 months['] incarceration; on Count 2 to 114 … to 228 months['] incarceration (consecutive to Count 1); on Count 3 to no further sentence; and on Count 4 to 21 … to 42 months['] incarceration (consecutive to Counts 1 and 2). Following discovery of an error in the Offense Gravity Score [(OGS)] for Counts 1 and 2,[9] the trial court resentenced [Appellant] on Count 1 to 102 … to 204 months['] incarceration; on Count 2 to 102 … to 104 months['] incarceration (consecutive to Count 1); on Count 3 to no further sentence, and on Count 4 to 4 to 21 … to 42 months[' incarceration] (consecutive to Counts 1 and 2).

[9] On November 3, 2015, the trial court sentenced [Appellant] on both counts of Aggravated Assault - Victim less than 13 and Defendant being over 18 (Counts 1 and 2) based on an … [OGS] of 12. The Cambria County Office of Adult Probation notified the trial court that the correct OGS was 11 based on the effective date of the applicable statute. The trial court promptly scheduled [Appellant] for resentencing on November 9, 2015.

On November 19, 2015, [Appellant] filed [a] Post-Sentence Motion[] [(PSM)] seeking a new trial and new sentence. By Order dated November 24, 2015, the trial court

denied [Appellant's PSM]. On December 22, 2015, [Appellant] filed a timely Notice of Appeal to the Superior Court of Pennsylvania. By Order dated December 30, 2015, the trial court directed [Appellant] to file a [Pa.R.A.P. 1925(b)] Concise Statement of [Errors] Complained of on Appeal…. [Appellant] timely filed his Concise Statement on January 22, 2016. On February 12, 2016, [Appellant] filed a "Motion for Leave to Proceed on Appeal *In Forma Pauperis…*" and a "Motion for Transcripts/Application for Order to Transcribe Record." After [a] Hearing on March 10, 2016, the trial court denied [Appellant's *In Forma Pauperis*] Motion.

Trial Court Opinion (TCO), 7/23/16, at 1-3 (citations to the record and some footnotes omitted).

On appeal, Appellant presents three issues in the "Statement of the Questions Involved" section of his brief. **See** Appellant's Brief at 6. However, in the "Argument" portion of his brief, Appellant concedes that his first two claims are meritless. **See id.** at 11 (admitting that his first two claims, in which he challenges the court's decision to allow the Commonwealth to amend the criminal information, are meritless because he cannot demonstrate that he was prejudiced by that amendment). Accordingly, we will only address Appellant's third issue, which he states as follows: "Did the trial court give Appellant a sentence that is excessive and manifestly unreasonable?" **Id.** at 6.

Briefly, Appellant alleges that the court applied an incorrect OGS of 11 to his two aggravated assault convictions under section 2702(a)(9). Appellant explains:

Section 2702(a)(9) was enacted on December 18, 2013[,] and [was] scheduled to take effect on January 1, 2014. The sentencing guidelines provide that, when a law does not specify

the [OGS] for a new offense, the omnibus [OGS] applies. 203 Pa. Code § 303.3(f). At the time of [Appellant's] offense[s] [in February of 2014,] the [OGS] for Section 2702(a)(9) was [the omnibus OGS of] 8. The amendment to the Sentencing Guidelines that changed the [OGS] from the omnibus provision of 8 to 12 did not take effect until September 26, 2014.

Appellant's Brief at 12-13. Thus, Appellant argues that the court incorrectly concluded that his section 2702(a)(9) aggravated assault offenses, committed prior to the amendment of the OGS for that offense in September of 2014, carried a score of 11, when they actually carried an OGS of 8.

Appellant's issue challenges the discretionary aspects of his sentence. *See Commonwealth v. Lamonda*, 52 A.3d 365, 371 (Pa. Super. 2012) (concluding that a sentencing court's application of an allegedly incorrect OGS implicates the discretionary aspects of sentencing). As this Court has repeatedly explained:

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. *Commonwealth v. Sierra*, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing

or in a motion to modify the sentence imposed. ***Commonwealth v. Mann***, 820 A.2d 788, 794 (Pa. Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).

***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) (quoting

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010)).

In this case, Appellant filed a timely notice of appeal, and he has included a Rule 2119(f) statement in his brief. However, we cannot assess whether Appellant's claim presents a substantial question for our review, as he has clearly failed to preserve his sentencing challenge below. At Appellant's initial sentencing hearing on November 3, 2015, he did not raise any issue with the court's decision to apply an OGS of 12 to his section 2702(a)(9) aggravated assault offenses. After that proceeding, the court determined that it had erred by applying that OGS, and it convened a resentencing hearing on November 9, 2015. There, the issue before the court was what OGS applied to Appellant's section 2702(a)(9) offenses, given "the effective date of the statute and when the guideline increase was applicable." N.T. Resentencing, 11/9/15, at 2. Ultimately, both Appellant and the Commonwealth agreed that the correct OGS for Appellant's section 2702(a)(9) aggravated assault offenses was an 11. ***Id.*** at 3. In other words, Appellant conceded that for those aggravated assault convictions, which he committed prior to the amendment of the OGS for that offense in September of 2014, the correct OGS was 11. At no point during this resentencing hearing did Appellant argue that the 'omnibus' OGS of 8 applied.

After his resentencing hearing, Appellant obtained new counsel. That attorney filed a PSM on Appellant's behalf on November 19, 2015. Therein, counsel again failed to raise the claim that the court should have imposed an OGS of 8 for Appellant's section 2702(a)(9) offenses. Instead, defense counsel challenged Appellant's sentence on the basis that it "is unconstitutional under Article I, Section 13 of the Pennsylvania Constitution and under the Eighth Amendment of the United States Constitution[,]" and also averred that "[t]he sentence is excessive and manifestly unreasonable." PSM, 11/19/15, at ¶ 5 (pages unnumbered). Again, Appellant did not argue in his PSM that his section 2702(a)(9) aggravated assault convictions carried an OGS of 8.

Appellant contends, however, that we should excuse his failure to preserve this claim in his PSM because, in that motion, he requested leave to amend his PSM after he obtained the transcripts, but the court denied that request. *See* Appellant's Brief at 14. Appellant also seemingly blames his failure to raise his OGS issue on the court's decision to deny his motion for *in forma pauperis* standing. For instance, Appellant states that,

> the trial court placed Appellant's fiancée and mother on a $200 per month payment plan that was to begin on May 1, 2016. No transcripts were released until the first two payments were made. Therefore, although Appellant attempted to obtain the resources that would have uncovered this precise claim at an earlier point, his access to those resources was hindered by his low-income status.

*Id.* at 15.

Appellant's argument is not supported by the record. Notably, the trial court's docket evinces that the transcript of Appellant's resentencing hearing (at which the specific issue of what OGS applied to his aggravated assault offenses was discussed and decided) was filed on December 11, 2015, which was before Appellant filed his notice of appeal.[1] Appellant did not file any motion seeking to amend his PSM in light of that transcript's becoming available; instead, he simply filed a notice of appeal.

More importantly, Appellant did not specifically assert his OGS claim in his Rule 1925(b) statement, which was filed over one month after the sentencing transcript became available.[2] In that Rule 1925(b) statement, Appellant presented the following sentencing issue: "Did the trial court give Appellant a sentence that is excessive and manifestly unreasonable?" Rule 1925(b) Statement, 1/22/16, at ¶ 3 (pages unnumbered). The trial court concluded that Appellant's boilerplate claim failed to present a substantial question for review. *See* TCO at 9. However, the court also provided a detailed and well-reasoned alternative analysis of why it did not abuse its

---

[1] Nothing in the record before us confirms that this transcript was not 'released' to Appellant as of that date.

[2] We also point out that defense counsel did not request an extension of time within which to file her Rule 1925(b) statement on the basis that transcripts were unavailable to her.

discretion in fashioning Appellant's aggregate term of incarceration.[3] At no point did the court discuss the OGS for Appellant's section 2702(a)(9) aggravated assault convictions because his Rule 1925(b) statement did not specifically identify that issue and, again, Appellant never raised that claim at either of his two sentencing hearings or in his PSM.

Based on this record, we conclude that Appellant has failed to preserve his assertion that the trial court applied an incorrect OGS to his section 2702(a)(9) aggravated assault offenses. *See* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.");[4] *Griffin*, 65 A.3d at

_____

[3] In particular, the court stressed the seriousness of Appellant's offenses and the impact on the "previously healthy" victim and her family. TCO at 11 (citations to the record omitted). For instance, the court explained that the minor victim has been left to live "a life of serious health problems, [including having] learning disabilities, the inability to walk unassisted, lacking any verbal communication, [and having] feeding tubes probably for the rest of her life." *Id.* at 10. The court also noted that Appellant's "explanation for the events of that fateful day lacked credibility." *Id.* Finally, the court found "disturbing" Appellant's complete lack of remorse and his unwillingness to accept any responsibility for his "heinous actions…." *Id.*

[4] We note that the trial court's order directing Appellant to file a Rule 1925(b) statement correctly informed him that "[a]ny issue not properly included in the Statement timely filed and served shall be deemed waived." *See* Trial Court Order, 12/30/15, at 1 (single page); *see also Greater Erie Indus. Development Corp. v. Presque Isle Downs, Inc.*, 88 A.3d 222, 225 (Pa. Super. 2014) (*en banc*) (holding that, "[i]n determining whether an appellant has waived his issues on appeal based on non-compliance with [Rule] 1925, it is the trial court's order that triggers an appellant's obligation[;] … therefore, we look first to the language of that order") (citations omitted).

935 ("Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed.") (citations omitted).  Appellant clearly conceded at the resentencing hearing on November 9, 2015, that an OGS of 11 applied to his aggravated assault offenses that were committed prior to the OGS amendment for that offense in September of 2014.  He cannot now argue, for the first time on appeal, that an 'omnibus' OGS of 8 applied to those crimes.  ***See*** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/23/2017